UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
LORIANN HILL,

        Plaintiff,

    - against -

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-3821 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Lori Ann Hill filed this action pursuant to 42 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff's disability benefits. After Plaintiff filed a motion for judgment on the pleadings, the parties stipulated to remand the case to the SSA, where Plaintiff was awarded roughly $115,107 in past-due benefits and future benefits. Plaintiff's counsel, Daniel A. Osborn ("Osborn"), now moves for $37,536 in attorney's fees pursuant to 42 U.S.C. § 406(b).[1] For the reasons explained below, Osborn's motion is granted and he is awarded $37,536.

## BACKGROUND

After Plaintiff was denied benefits by the SSA, Plaintiff retained Daniel A. Osborn and filed this action on August 20, 2020. (Dkt. 1.) On May 6, 2021, Plaintiff filed a motion for judgment on the pleadings. (Dkt. 14.) The parties subsequently stipulated to remand the case to the SSA. (Dkt. 16.) This Court then awarded Plaintiff $5,676 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on July 20, 2021. (Dkt. 19; 7/20/2021 Docket Order.)

---

[1] Plaintiff's counsel does not request costs, only attorney's fees.

1

On January 10, 2023, the SSA mailed Plaintiff a Notice of Award letter informing her that she would receive approximately $115,107 in past-due benefits, with 25%, or $37,563, withheld as possible attorney's fees. (Dkt. 20-1, at ECF[2] 7.) Consequently, Osborn filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) on January 27, 2023. (Dkt. 20.) Along with his motion for attorney's fees, Osborn submitted an affidavit with attachments, including: (1) a fee agreement demonstrating that Hill had retained Osborn on a contingency-fee basis whereby Osborn is entitled to an attorney's fee that is "25 (twenty-five) percent of the past-due benefits resulting from [Plaintiff's] claim[.]" (Dkt. 20-3, at ECF 2); (2) itemized time records indicating that two attorneys from his law firm, Osborn Law P.C., spent a total of 25.6 hours litigating this matter[3] (Dkt. 20-4, at ECF 3); (3) SSA's "Notice of Decision – Fully Favorable" relating to Plaintiff (Dkt. 20-6); and (4) the aforementioned Notice of Award (Dkt. 20-7). Osborn's request amounts to an effective rate of $1,467.30 per hour (25.6 hours of work for $37,563). The SSA filed a response to Osborn's motion for attorney's fees on February 9, 2023. (Dkt. 22.) In their "limited role as a trustee," the SSA contends that Osborn's attorney's fees motion is timely, in line with the operative contingency-fee agreement, and that they are unaware of fraud or overreaching, but "defer[] to the Court" as to whether the requested fee is reasonable. (*Id.* at ECF 1–3.)

## DISCUSSION

**I.     Timeliness**

Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period prescribed by Rule 54(d) of the Federal Rules of Civil Procedure. *See Sinkler v. Berryhill*,

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[3] The time records also reflect that an Osborn Law P.C. paralegal spent three hours on Plaintiff's case.

2

932 F.3d 83, 91 (2d Cir. 2019).  The 14-day period begins to run when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing." *Id.* at 88, 89 n.5.  Furthermore, under Rule 54(d), "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

The SSA mailed Plaintiff the Notice of Award on January 10, 2023, which her counsel received thereafter.  (Dkt. 20-2, at ¶ 11.)  Applying the three-day mailing rule, the filing of this motion 17 days later, on January 27, 2023 (Dkt. 20) was timely.

## II.     Reasonableness of the Requested Fee

### A.  Legal Standard

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b).  If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness.  *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider "(a) the character of the representation and the result the representative achieved," (b) whether counsel was responsible for a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits,[4] and (c) whether the requested amount is so large in comparison to the time that counsel spent on the case "as to be a windfall to the attorney." *Id.* at 849 n.2, 853.

---

[4] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand.  *See Fields*, 24 F. 4th at 849 n.2 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake. Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery.  [W]here the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court."  (internal quotation marks and citation omitted)).

To analyze the third factor, *i.e.*, whether a fee would constitute a "windfall," the Second Circuit has instructed courts to "consider more than the *de facto* hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854. Specifically, courts should also consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–56. The court further warned that "the windfall factor does *not* constitute a way of reintroducing the lodestar method and, in doing so, . . . indicate[d] the limits of the windfall factor." *Id.* at 854. Ultimately, a district court may reduce the amount called for in the contingency fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id.* at 852–53 (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); *Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at *4 (N.D.N.Y. July 10, 2009)).

### B. Application

Here, Plaintiff retained Osborn pursuant to a contingency-fee agreement that entitles him to up to 25% of Plaintiff's past-due benefits. (Dkt. 20-3, at ECF 2.) There are no allegations of fraud or overreaching with respect to the retainer agreement. Osborn seeks the full 25% of Plaintiff's past-due benefits. At 25.6 hours of work, this is an effective hourly rate of $1,467.30. The Court finds that amount to be reasonable.

To determine reasonableness, the Court first considers "the character of the representation and the results the representative achieved." *Fields*, 24 F.4th at 849. Here, counsel's briefing was professional and effective. In fact, counsel's thorough briefing prompted the SSA to agree to a remand and achieved the exact result Plaintiff sought—an award of past-due and future benefits.

Second, the Court must determine whether counsel was responsible for unreasonable delays. *Id*. Here, the Court notes that Osborn requested one 45-day extension for filing Plaintiff's motion for judgment on the pleadings in March 2021, which was filed with Defendant's consent. (*See* Dkt. 13.) The Court does not consider this request to constitute an undue delay, given that it was a single request of a reasonable length that Plaintiff's counsel subsequently met.

The third consideration with respect to reasonableness is whether the requested amount constitutes a "windfall." *Fields*, 24 F.4th at 849. The Court analyzes four factors in determining whether a requested amount qualifies as a windfall. *Id.* at 854–56.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," the Court believes that 25.6 hours was a reasonable amount of time to expend on this case. In *Fields*, the Second Circuit found that nearly the exact same amount of time—25.8 hours—reviewing an 863-page transcript, drafting a 19-page brief, and obtaining a stipulation of dismissal demonstrated particular efficiency and justified a *de facto* hourly rate of

5

$1,556.98. 24 F.4th at 854 (noting that "other lawyers might reasonably have taken twice as much time" to do the same work). Here, the transcript was 661 pages (Dkt. 11), the opening brief was 16 pages (Dkt. 14), and Plaintiff's counsel obtained a stipulation for remand (Dkt. 16). Furthermore, the opening brief evinced a thorough review by Plaintiff's counsel of the record that revealed an independent, meritorious ground for remand. (Dkt. 14, at ECF 11–15.) Accordingly, the amount of time spent by Osborn on Plaintiff's case is analogous to *Fields*. *See Schultz v. Comm'r of Soc. Sec.*, 18-CV-5919 (PKC), 2022 WL 2918237, at *3 (E.D.N.Y. July 25, 2022) (noting that "40.1 hours is on the higher end of what is typically required for these straightforward cases," but is not enough, "standing alone," for a downward adjustment). No downward adjustment is justified regarding the first "windfall" factor.

Second, regarding "the nature and length of the professional relationship with the claimant—including any representation at the agency level," *Fields*, 24 F.4th at 855, the Court notes that Osborn did not represent Hill in front of the SSA before filing this suit (Dkt. 20-1, ECF 1). In *Fields*, the plaintiff's counsel had represented the plaintiff from the start of his agency proceedings, including four separate hearings before Administrative Law Judges and multiple petitions to the SSA Appeals Council. *Fields*, 24 F.4th at 855. The Court in *Fields* considered that Plaintiff's counsel's greater involvement at the agency level may have further enabled him to efficiently brief plaintiff's arguments before the district court, thereby distinguishing the case from others in which a windfall was found. *See id*. Here, though Plaintiff's counsel was not retained until Plaintiff filed this civil action in August 2020, Osborn expended time reviewing the administrative record and drafting his motion for remand, resulting in a significant, six-figure award for his client. *See, e.g.*, *Gondola v. Kijakazi*, 18-CV-3173 (VEC) (BCM), 2022 WL 4227966, at *6 (S.D.N.Y. July 22, 2022) (finding no reason to reduce the fee of a lawyer who did

6

not represent client at the administrative level, but "conscientiously pressed" his client's case "once retained"), *report and recommendation adopted* at 2022 WL 3334695; *see also Stovall v. Berryhill*, No. 16-CV-5129 (NG), 2022 WL 798160, at *3 (E.D.N.Y. Mar. 16, 2022) (granting motion for attorneys' fees where lawyer represented plaintiff in federal court but not at the administrative level). This factor therefore does not justify a downward adjustment.

Third, the Court presumes that Plaintiff is satisfied with receiving the past-due and future benefits that she sought; there is no evidence in the record to the contrary, and Osborn caused only one relatively brief delay. *See Vomero v. Comm'r of Soc. Sec.*, 19-CV-5799 (PKC), 2022 WL 2918330, at *3 (E.D.N.Y. July 25, 2022) (finding no downward adjustment on the third "windfall" factor was required where there was "only one brief delay"); *Daniels v. Comm'r of Soc. Sec.*, 20-CV-430 (PKC), 2022 WL 2918236, at *3 (E.D.N.Y. July 25, 2022) (same). Therefore, the third factor does not warrant any downward adjustment.

Lastly, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court notes that "payment for an attorney in a social security case is inevitably uncertain." *See Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Despite counsel succeeding relatively quickly—the parties stipulated to remand after Plaintiff filed her opening brief—this case was not inherently less risky than other similar cases. Therefore, the fourth factor also does not warrant a downward adjustment.

Based on an analysis of the factors above, the Court finds the requested amount of attorney's fees to be reasonable and grants Plaintiff's motion. Additionally, upon receiving the § 406(b) award, Osborn must remit the $5,676 received pursuant to the EAJA to Plaintiff.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that the motion for attorney's fees under 42 U.S.C. § 406(b) is granted and Plaintiff's counsel is awarded $37,563 in attorney's fees. Upon receipt of this award from the government, Osborn shall promptly refund Plaintiff $5,676, which represents the EAJA fees already received by counsel. The case remains closed.

SO ORDERED:

 /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: July 27, 2023
        Brooklyn, New York